UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
**WILLIAM KOLESAR**                 :      Civil Action No. 07-560(FSH)
                                    :
      **Plaintiff**          :
                                    :
   v.                             : ORDER ON INFORMAL APPLICATION
                                    : & FOURTH AMENDED SCHEDULING
                                    : ORDER IN AN ARBITRATION CASE
**HOME DEPOT**                      :
                                    :
      **Defendant**          :
_____:

      **THIS MATTER** having come before the Court by way of letter dated January 14, 2008, regarding the status of discovery; and the Court having convened a telephone conference on January 17, 2008; and the Court being advised that the plaintiff served the foreign defendant but the foreign defendant may challenge jurisdiction and therefore time will be needed to secure foreign evidence; and the Court being advised that one of the fourth-party defendants has not yet been served; and the Court having set a schedule mindful of the depositions that need to be conducted; and the parties being reminded that the absence of the fourth-party defendant and the foreign defendant has no impact on the schedule in this case; and for the reasons discussed during the telephone conference; and for good cause shown,

      **IT IS** on this 17th day of January, 2008,

      **ORDERED THAT:**

### I. ARBITRATION

      1. This matter is subject/referred to arbitration pursuant to Local R. Civ. P. 201.1. Counsel will receive further instructions and guidelines regarding arbitration directly from the Clerk of the Court. Arbitration shall commence no sooner than **July 3, 2008**, unless dispositive motions are pending.

      **IT IS FURTHER ORDERED THAT:**

      2.   A. The request to extend the pretrial deadlines is granted as set forth herein.

             B. No later than **deadline passed**, plaintiff shall send a letter to Hoffman Equipment regarding its failure to respond to the subpoena and notifying the company that the plaintiff may

seek court assistance to secure compliance. Plaintiff shall provide a copy of the letter to the Court.

  C. No later than **deadline passed**, the third-party plaintiff shall provide the third-party defendant with a copy of all discovery exchanged in this case;

  D. No later than **February 1, 2008**, plaintiff shall advise the defendants as to whether or not he will seek punitive damages in this case;

  E. The inspection of the equipment take place on **deadline passed**. The equipment shall be preserved with no further alterations absent leave of court.

  F. When the fourth-party plaintiff learns the name of counsel for the fourth-party defendant(s), then she should advise the Court of same and request a telephone conference.

**IT IS FURTHER ORDERED THAT:**

**II.  COURT DATES**

3. A. There shall be a telephone conference before the Undersigned on **April 1, 2008 at 1:15 p.m. [NOTE: TIME HAS BEEN CHANGED]** At that time, the parties shall be prepared to discuss plaintiff's intention to pursue common law claims against JCB, the status of the foreign defendant and foreign evidence collection, the status of service on Mr. Avery, whether or not a settlement conference should be convened, and the status of discovery. Plaintiff shall initiate the telephone call.

  B. There shall be a settlement before the Undersigned on **TO BE SET**. No later than **TO BE SET**, (a) plaintiff shall convey to the defendants a settlement demand and (b) each party should submit a confidential memorandum to the Court, not to exceed 5 pages, summarizing the relevant facts, the respective legal positions, status of the case, and the client's position on settlement. Trial Counsel and clients with full settlement authority must attend the conference. If the trial counsel **and** client with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

**III. DISCOVERY AND MOTION PRACTICE**

4. The fourth-party defendant shall provide Fed. R. Civ. P. 26 disclosures no later than **completed.**

5. Discovery necessary to engage in meaningful settlement discussions: _____ expert reports _____ and will be produced by **June 15, 2008**.

6. a. The parties may serve upon the fourth-party defendant All State and the fourth-party

defendant may serve interrogatories limited to **25** single questions including subparts and requests for production of documents on or before **February 8, 2008**, which shall be responded to no later than **March 8, 2008**.

      b.  Foreign evidence collection shall commence no later than **February 14, 2008**.

7.    The number of depositions to be taken by each side shall not exceed **10**.  No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege.  See Fed. R. Civ. P. 32(d) (3) (A).  No instruction not to answer shall be given unless a privilege is implicated.  The depositions shall be completed no later than **March 31, 2008**.

8.    Fact discovery is to remain open through **March 31, 2008**.  No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

9.    Counsel shall confer in a good faith attempt to informally resolve any discovery disputes <u>before</u> seeking the Court's intervention.  Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention via joint letter that sets forth: (a) the request, (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient.  No further submissions regarding the dispute may be submitted without leave of Court.  If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be made before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **January 22, 2008** and the Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.

10.    Any consent order or motion to amend pleadings or join parties must be filed not later than **deadline passed**.

11.    All dispositive motions shall be discussed in advance of filing with the Undersigned either in person or by teleconference. Any and all dispositive motions must be filed no later than **July 11, 2008** and must be comply with Local Rule 7.1.  No pretrial dispositive motions will be entertained after that date.  Any response must be submitted no later than **July 21, 2008** and any reply must be submitted no later than **July 28, 2008**.  The return date shall be **August 4, 2008** before the Hon. Faith S. Hochberg.  Her Honor's chambers will advise the parties if oral argument will be required.

### IV.  EXPERTS

12.    a. All affirmative medical/occupational damages expert reports shall be delivered by **March 7, 2008.**

      b. All affirmative economic expert reports shall be delivered by **March 27, 2008.**

      c. All responsive medical/occupational/economic damages expert reports shall be delivered by **June 1, 2008.**

13.    a. All affirmative liability expert reports shall be delivered by **April 25, 2008.**

      b. All responsive liability expert reports shall be delivered by **June 1, 2008.**

      c. All rebuttal liability expert reports shall be delivered by **June 15, 2008.**

14.    a. All expert reports are to be in the form and content as required by Fed. R. Civ. P. 26(a) (2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

      b. All expert depositions shall be completed by **June 28, 2008**.

## V. MISCELLANEOUS

15.    The Court may from time to time schedule conferences as may be required, either <u>sua sponte</u> or at the request of a party.

16.    Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

17.    A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

18.    Communications to the Court by facsimile will not be accepted. All communications to the Court shall be in writing or by telephone conference.

19.    **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN SANCTIONS.**

                                                          s/Patty Shwartz  
                                                          **UNITED STATES MAGISTRATE JUDGE**